47 F.3d 1169
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Eugene James MUSTIN, Petitioner-Appellant,
v.
Pamela WITHROW, Warden, Respondent-Appellee.
 No. 93-2443.
 United States Court of Appeals, Sixth Circuit.
 Jan. 18, 1995.
 
 Before: NELSON, NORRIS and DAUGHTREY, Circuit Judges.
 PER CURIAM.
 
 
 1
 The petitioner, Eugene Mustin, appeals from the district court's judgment denying his petition for issuance of a writ of habeas corpus pursuant to the provisions of 28 U.S.C. Sec. 2254. In his petition, Mustin raised only one issue, challenging the legal sufficiency of the evidence used to convict him.[1] We have reviewed the record and find no basis on which to disturb the district court's judgment. We therefore affirm.
 
 
 2
 Mustin is an inmate in a Michigan prison, where he is serving a sentence of 20-60 years, following his conviction in state court on a charge of aiding and abetting the second degree murder of a man named Brian Toureau. At core, Mustin's argument is that he was merely present at the scene of the murder, and that his two co-defendants were guilty of beating Toureau to death, while he, Mustin, stood by.
 
 
 3
 The petitioner raised this same issue on direct appeal in state court. In affirming his conviction, the Michigan Court of Appeals summarized the evidence at trial and found that "[t]he evidence established more than Mustin's 'mere presence' at the murder scene." Specifically, the state appeals court found that "Mustin and his colleagues were spoiling for a fight early on ... [and that] Mustin performed an act that assisted in the commission of the offense -- chasing down and capturing the victim with [his co-defendant] Chatman, thereby allowing Chatman and [his other co-defendant] Houston to kill the victim." People v. Mustin, et al., Michigan Court of Appeals No. 116199 (June 4, 1992).
 
 
 4
 Reviewing the evidence independently, as the result of Mustin's Sec. 2254 petition, the magistrate judge made a similar finding of fact and came to the same conclusion -- that, in the words of an eyewitness to the murder, Mustin and Chatman "went after the man that was beaten," trapping Toureau near a fence, where Chatman and Houston beat him to death as Mustin looked on. The magistrate judge's report was adopted by the district court in its entirety. Based on our review of the record, we likewise conclude that the magistrate judge accurately assessed the evidence and correctly applied the relevant principles of law. We therefore hold that the district court's judgment denying relief on the basis of the magistrate judge's report should be AFFIRMED.
 
 
 
 [1]
 In a reply brief filed in district court and in his brief on appeal, the petitioner attempted to raise two additional issues. We conclude that they are not properly before us for review